UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2019
```

UNITED STATES OF AMERICA and STATE
OF NEW YORK *ex rel.* SONER YASTI,

Plaintiffs,

v.

NAGAN CONSTRUCTION and NADIR
UYGAN,

Defendants.

**17 Civ. 7163 (AT)**

UNITED STATES OF AMERICA,

Plaintiff-Intervenor

v.

NAGAN CONSTRUCTION, INC.,

Defendant.

**STIPULATION AND ORDER OF SETTLEMENT AND
RELEASE BETWEEN THE UNITED STATES AND RELATOR**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relator Soner Yasti ("Relator" and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about September 20, 2017, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et*

*seq.* (the "FCA"), alleging, *inter alia*, that Nagan Construction, Inc. ("Nagan" or "Defendant")

failed to pay its employees prevailing wages for work performed on federally-funded contracts as

required by the Davis-Bacon Act, and submitted false certified payroll records in violation of the

FCA (the "Relator Action");

WHEREAS, on or about July 30, 2019, the United States filed a Complaint-In-Intervention

(the "Government Complaint"), asserting claims against defendant Nagan alleging that, during the

period September 2012 through February 2018, Nagan underpaid employees who worked on the

Delano Hall Project and the Job Corps Center Project by failing to pay them the prevailing wage,

and also submitted false certified payroll records that inaccurately classified the work performed

by these employees as being less skilled than the work actually performed (the "Covered

Conduct");

WHEREAS, on or about July 30, 2019 the United States, Defendant, and Relator entered

into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendant agreed to

pay the United States) the sum of $435,000 plus interest that shall be compounded annually at a

rate of 2.25% accruing from July 15, 2019, to the date of payment (the "Settlement Amount"), to

resolve the claims of the United States for the Covered Conduct;

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), he is entitled to

receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator

Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in

consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and

for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.    Contingent upon receipt by the United States of full payment due to the United States under Paragraph 3 of the Settlement Agreement, the United States will pay Relator, c/o Sanford Heisler Sharp, LLP, as attorneys for Relator ("Relator's Counsel"), 20 percent (20%) of the payment of the Settlement Amount received from Defendant ($87,000 plus 20% of interest) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Defendant required by the Settlement Agreement. In the event that Defendant fails to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to Relator.

2.    Relator, for himself and his heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3.    In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents

3

arising from or relating to the Settlement Agreement or any claim in the Relator Action or the Government Complaint.

4.     This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26. U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5.     The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

6.     This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7.     This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8.     This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9.     This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10.     This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

4

Dated: July 30, 2019

                       GEOFFREY S. BERMAN
                       United States Attorney for the
                       Southern District of New York

By:           _____

                       Jeffrey K. Powell
                       Assistant United States Attorney
                       86 Chambers Street, Third Floor
                       New York, New York 10007
                       Tel.:   (212) 637- 2706
                       Email:  Jeffrey.Powell@usdoj.gov

Dated: July 22, 2019

By:           _____

                       SONER YASTI
                       *Relator*

Dated: July 24, 2019

                       SANFORD HEISLER SHARP, LLP

By:           _____

                       Ross Brooks, Esq.
                       Inayat Hemani, Esq.
                       Deborah Marcuse, Esq.
                       1350 Avenue of the Americas, 31st Floor
                       New York, NY 10019
                       Tel:  646-402-5650
                       E-mail: RBrooks@sanfordheisler.com
                                    Ihemani@sanfordheisler.com
                                    DMarcuse@sanfordheisler.com

                       *Attorneys for Relator*

5

SO ORDERED:

HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE

Dated:    1/31/19
          New York, New York